IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LAWRENCE D. REDMAN, | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | Civil Action No. 06-1000 |
| | ) | Judge Gary L. Lancaster/ |
| WARDEN WALTON; DEPUTY WARDEN | ) | Magistrate Judge Amy Reynolds Hay |
| CMAR; LIEUTENANT TIM JONES; | ) | |
| SERGEANT KEVIN MARKEIWICZ; | ) | |
| OFFICER SCOTT KENNDY; OFFICER | ) | |
| LEONARD TRINCLISTI; OFFICER DAN | ) | |
| NASER; OFFICER MULLOOLEY; | ) | |
| OFFICER STEVEN MITCHELL; OFFICER | ) | |
| CHARLES SCHACHTE, | ) | |
| Defendants | ) | Re. Dkt. [23] |

## REPORT AND RECOMMENDATION

I.   RECOMMENDATION

It is respectfully recommended that the Defendants' Motion to dismiss should be granted in part and denied in part.  It should be denied as to Redman's excessive force claim against Officer Scott Kennedy (incorrectly identified as "Officer Scott Kenndy") ("Officer Kennedy") and granted as to all other claims against Officer Kennedy and as to all claims against Warden Walton, Deputy Warden Cmar, Lieutenant Tim Jones ("Lieutenant Jones"), Sergeant Kevin Markeiwicz ("Sergeant Markeiwicz"), Officer Leonard Trinclisti ("Officer Trinclisti"), Officer Dean Naser (incorrectly identified as "Officer Dan Naser") ("Officer Naser"), Officer Casey Mullooly (incorrectly identified as "Officer Mullooley") ("Officer Mullooly"), Officer Stephen Mitchell (incorrectly identified as "Officer Steven Mitchell") ("Officer Mitchell"), and Officer Charles Schachte ("Officer Schachte") (Doc. No. 23-1).

II.    <u>REPORT</u>

Plaintiff, Lawrence D. Redman ("Redman"), was confined at the Westmoreland County Prison at the time he initiated this suit.  Redman commenced this action under 42 U.S.C. § 1983, alleging that several guards and supervisors at the prison violated his constitutional rights.  Specifically, Redman alleges that the Defendants denied him humane conditions of confinement, used excessive force against him, engaged in conspiracy, and retaliated against him for exercising his constitutional rights.  In order to survive a motion to dismiss, a complaint attempting to state a claim under section 1983 must plead a violation of the plaintiff's constitutional rights.  Redman's complaint fails to state a constitutional violation by any of the named defendants other than Officer Kennedy, and so the Complaint should be dismissed in part for failure to state a claim.

According to the complaint, Redman seeks to impose liability against the Defendants based on events taking place on October 10, 2005 at the Westmoreland County Prison.  Specifically, Redman alleges the following in his complaint:

> 1.  Lawrence D[.] Redman[,] a[n] inmate pretrial detainee at the Westmoreland County Jail[,] was struck by a metal door by [Officer Kennedy] when he entered the gym area recklessly and negligently [sic] causing injury[.] [W]hen [Redman] complained to [Officer Kennedy] about his reckless conduct[,] he was ordered to lock up in retaliation for stating he'd sue[.] [A]fter [Redman] was in his cell[,] [Officer Kennedy] as a member of an extraction team maliciously and wantonly attacked [Redman][,] prevoking [sic] him to retaliate so that [Officer Kennedy] and the members of the extraction team could beat him up!
>
> 2.  [Officer Trinclisti, Officer Naser, Officer Mullooly, Officer Mitchell, and Officer Schachte] deliberately acted with callous indifference to inmate Redman's humanity by conspiring with these officer [sic] [.]

3.  Warden Walton [and] Deputy Warden Cmar deliberately[,] callously[,] and negligently refused to preform [sic] their duties as head of this prison to make sure that all doors are in working order and that all officers are trained properly with the use of chemical agents.

4. [Lieutenant Jones] acted with delibrate [sic] and callous indifference to inmate Redman's humanity because he knew with substantial certainty that [Sergeant Markeiwicz] under his control would use mace improperly.

5. [Sergeant Markeiwicz] used mace improperly causing great discomfort with deliberate and mindless indifference to [Redman's] humanity[;] an overt act in furtherance [sic] of the conspiracy for being litigious.

Complaint, Dkt. [3], pgs. 2-3.  On February 19, 2007, Defendants filed a Motion to dismiss.[1]

Redman filed a document in response to the Motion to dismiss entitled "memorandum of law"

("Response Brief").[2]

### A. Standard of Review - Motion to Dismiss

When a complaint is filed in this Court, "Federal Rule of Civil Procedure 8(a)(2)

requires only 'a short and plain statement of the claim showing that the pleader is entitled to

relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon

---

1.  This Motion to dismiss was timely as this Court previously granted Defendants' Motion to extend the time for filing a response until February 19, 2007.

2.  Although Redman makes additional factual allegations against the Defendants in his Response Brief, we will not consider those allegations in deciding whether to grant dismissal. According to Federal Rule of Civil Procedure 12(b), "[i]f, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."  Since we do not feel that it would be appropriate at this time to convert the motion to dismiss into a motion for summary judgment, we evaluate Redman's complaint on its face and do not consider any of the additional facts alleged in his Response Brief.

which it rests.'" Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964 (2007), quoting Conley v. Gibson, 355 U.S. 41, 47 (1957).  In order to survive a motion to dismiss, a complaint does not need to contain "detailed factual allegations," but it must contain some factual allegations that are sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 127 S.Ct. at 1964-65.  It is not enough that there is a "possibility that a plaintiff might later establish some 'set of [undisclosed] facts' to support recovery."  Bell Atlantic, 127 S.Ct. at 1968-69.  In reviewing a motion to dismiss under Rule 12(b)(6), all well-pleaded allegations of the complaint must be accepted as true and viewed in a light most favorable to the non-movant.  Brader v. Allegheny General Hospital, 64 F.3d 869, 873 (3d Cir. 1995); Scrob v. Patterson, 948 F.2d 1402, 1405 (3d Cir. 1991).  A court "must accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn from them," but is not "required to accept as true unsupported conclusions and unwarranted inferences."  Schuykill Energy Resources v. PP&L, 113 F.3d 405, 417 (3d Cir. 1997).  The issue is not whether the plaintiff will prevail in the end, but only whether he should be entitled to offer evidence in support of his claim.   Jackson v. Birmingham Bd. of Educ., 544 U.S. 167, 184 (2005).  Where the complaint is filed by a *pro se* plaintiff, it should be liberally construed so as to do substantial justice.   Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007) (citing Fed.R.Civ.P. 8(f)).

### B. Discussion

Redman asserts in his complaint that his Eighth and Fourteenth Amendment rights were violated by prison officials at the Westmoreland County Prison while he was a pretrial detainee at that facility.  Although there is no direct cause of action provided by the United States Constitution, 42 U.S.C.S. §1983 allows an individual to bring a federal cause of action against

any person who, acting under color of law, has deprived the plaintiff of his or her federal or constitutional rights.  Redman does not specifically invoke section 1983, but we will construe his complaint liberally and assume that he intends to proceed under that section.

Section 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C.S. §1983.  When a plaintiff asserts a claim under 42 U.S.C. § 1983, he must produce evidence showing two threshold requirements: plaintiff must prove facts demonstrating (1) that persons took action under color of state law, and (2) that as a result of those actions, plaintiff was deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States.  West v. Atkins, 487 U.S. 42, 48-49 (1988).  Therefore, the initial inquiry in evaluating a section 1983 claim is to ask whether the plaintiff has been deprived of a constitutional right. Nicini v. Morra, 212 F.3d 798, 806 (3d Cir. 2000) (en banc).

**1.  Denial of humane conditions of confinement**

Although Redman does not state the specific grounds for his constitutional claims, his complaint appears to first allege a denial of humane conditions of confinement claim. Redman claims that Warden Walton and Deputy Warden Cmar violated his constitutional rights by failing "to make sure that all doors [were] in working order."  Complaint, Dkt. [3], pg. 3. Therefore, the issue is whether Warden Walton and Deputy Warden Cmar deprived Redman of a

constitutional right by failing to properly maintain the prison facilities.  We conclude that this failure, even if true, does not rise to the level of a constitutional deprivation.

The Eighth Amendment does not directly apply to pretrial detainees.  Wilson v. Spain, 209 F.3d 713, 715 (8th Cir. 2000) ("the Eighth Amendment's ban on cruel and unusual punishment applies to excessive-force claims brought by convicted criminals serving their sentences.").  Instead, the relevant inquiry is the due process analysis set forth in Bell v. Wolfish, 441 U.S. 520 (1979) (applying Fifth Amendment due process clause to Federal pretrial detainees), and Hubbard v. Taylor, 399 F.3d 150 (3d Cir. 2005) (applying Bell's analysis, under Fourteenth Amendment due process clause, to State pretrial detainees).  Under Bell, the question is whether the challenged conditions of confinement "amount to punishment of the detainee . . . prior to an adjudication of guilt in accordance with due process of law."  441 U.S. at 535. Therefore, while the Eighth Amendment protects convicted prisoners from "cruel and unusual punishments," the Due Process Clause of the Fourteenth Amendment protects pretrial detainees from the purposeful infliction of punishment without due process of law.  Hubbard, 399 F.3d at 158.

Not every imposition qualifies as punishment, and the threshold question is "whether the disability is imposed for the purpose of punishment or whether it is but an incident of some other legitimate governmental purpose."  Bell, 441 U.S. at 538.  Mere negligence or a failure to exercise due care, even if a plaintiff suffers harm, does not constitute punishment and "liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process."  County of Sacramento v. Lewis, 523 U.S. 833, 849 (1998).  See also Daniels v. Williams, 474 U.S. 327, 328 (1986) ("[T]he Due Process Clause is simply not implicated by a

6

negligent act of an official causing unintended loss of or injury to life, liberty, or property").
"[T]he touchstone of due process is protection of the individual against arbitrary action of government," and "only the most egregious official conduct can be said to be arbitrary in the constitutional sense." County of Sacramento, 523 U.S. at 845-46 (internal citations omitted).

      Redman's complaint states, at best, a negligence claim against Warden Walton and Deputy Warden Cmar. Redman alleges only that Warden Walton and Deputy Warden Cmar negligently failed to keep the gym door in proper working order. Complaint, Dkt. [3], pg. 3. This does not constitute the purposeful infliction of punishment. Even if we assume that Redman's allegations are true and can be proven at trial, there is no constitutional violation. When an official fails to exercise due care, even if it causes the detainee to suffer a loss, it does not rise to the level of a constitutional deprivation. Since this first claim does not state a constitutional deprivation by either Warden Walton or Deputy Warden Cmar, this portion of the complaint must be dismissed.

## 2. Excessive force

      The majority of Redman's complaint appears to allege excessive force claims against Officer Kennedy, Officer Trinclisti, Officer Naser, Officer Mullooly, Officer Mitchell, Officer Schachte, and Sergeant Markeiwicz. We conclude that the complaint does state a claim for excessive force against Officer Kennedy, but fails to state claims against Officer Trinclisti, Officer Naser, Officer Mullooly, Officer Mitchell, Officer Schachte, or Sergeant Markeiwicz.

      Fuentes v. Wagner sets forth the standard for evaluating excessive force claims brought by pretrial detainees under the Due Process Clause of the Fourteenth Amendment:

> A detainee may not be punished prior to an adjudication of guilt in
> accordance with due process of law.  However, once the
> Government has exercised its conceded authority to detain a person
> pending trial, it obviously is entitled to employ devices that are
> calculated to effectuate this detention. Thus, restraints that are
> reasonably related to the institution's interest in maintaining jail
> security do not, without more, constitute unconstitutional
> punishment, even if they are discomforting.  Obviously, ensuring
> security and order at the institution is a permissible nonpunitive
> objective, whether the facility houses pretrial detainees, convicted
> inmates, or both.  Consequently, whether . . . restrictions and
> practices constitute punishment in the constitutional sense depends
> on whether they are rationally related to a legitimate nonpunitive
> government purpose and whether they appear excessive in relation
> to that purpose.  Thus, there is a distinction between punitive
> measures that may not constitutionally be imposed prior to a
> determination of guilt and regulatory restraints that may.

206 F.3d 335, 342 (3d Cir. 2000) (internal citations omitted).  Like with conditions of

confinement claims, we must determine whether the excessive force was "'imposed for the

purpose of punishment or whether it is but an incident of some other legitimate governmental

purpose.'"  Fuentes, 206 F.3d at 342 (quoting Bell, 441 U.S. at 538).  Fuentes holds that the

Eighth Amendment standards that were applied in Whitley v. Albers, 475 U.S. 312 (1986), and

Hudson v. McMillian, 503 U.S. 1 (1992), also apply to excessive force claims brought by pretrial

detainees under the Fourteenth Amendment, because there is "no logical or practical distinction

between a prison disturbance involving pretrial detainees, convicted but unsentenced inmates, or

sentenced inmates." Fuentes, 206 F.3d at 347.   Therefore, in order for a pretrial detainee to state

an excessive force claim against prison officials, he must adduce evidence that the force used

was applied "maliciously and sadistically to cause harm" and not "in a good-faith effort to

maintain or restore discipline."[3] Hudson, 503 U.S. at 6-7.  The factors that are relevant to this inquiry include: "the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response."  Hudson, 503 U.S. at 7 (citations omitted).

Redman's complaint states that Officer Kennedy violated Redman's constitutional rights by entering the gym area and "recklessly and negligently [sic]" injuring Redman with the door.  Even if Redman were able to prove his allegation that Kennedy behaved recklessly or negligently, this does not state a claim for which relief is available under section 1983.  In order to show harm that rises to a constitutional level, Redman's allegations must be sufficient to support a claim that the force used was applied "maliciously and sadistically to cause harm." The Fourteenth Amendment protects pretrial detainees from the infliction of "cruel and unusual punishments," but not from failures of prison officials to exercise due care.  See County of Sacramento, 523 U.S. at 849.  Therefore, even if all facts alleged by Redman are true, he still fails to state a claim under section 1983 based on Officer Kennedy's entry into the gym area.

Redman's next allegation of excessive force states that "[O]fficer [Kennedy] as a member of an extraction team maliciously and wantonly attacked inmate Redman[,] prevoking

3.  Contrary to the statement of the law contained in Defendants' brief, the Hudson Court eliminated the traditional requirement that an inmate must show that the harm suffered was sufficiently serious in order to make an Eighth Amendment claim where excessive force was used.  This is not to say that the plaintiff's injuries are irrelevant, but the absence of serious injury does not end the Eighth Amendment inquiry.  Hudson, 503 U.S. at 7; See also Brooks v. Kyler, 204 F.3d 102, 104 (3d Cir. 2000) ("Following Hudson's focus on the force used, as opposed to the injury inflicted, we conclude that although the degree of injury is relevant for any Eighth Amendment analysis, there is no fixed minimum quantum of injury that a prisoner must prove that he suffered through objective or independent evidence in order to state a claim for wanton and excessive force.").

9

[sic] him to retaliate so that [Officer Kennedy] and the members of the extraction team could beat him up."  Complaint, Dkt. [3], pg. 2.  Viewing the facts most favorably to Redman, his complaint is sufficient (1) to state a claim showing that he is entitled to relief and (2) to give Officer Kennedy fair notice of the claim and the grounds upon which it rests.  See Bell Atlantic, 127 S.Ct. at 1964.  Redman should be given the opportunity to present evidence that Officer Kennedy did "maliciously and wantonly" attack Redman and "beat him up" because, if true, this would be a violation of Redman's Eighth Amendment rights.  Redman alleges that Officer Kennedy was part of this extraction team, and that excessive force was used against him during the extraction.  Whether or not this Court believes that it is likely that Redman will succeed on his claim against Officer Kennedy, his complaint is sufficient to survive a Motion to dismiss. For these reasons, the Motion to dismiss should be denied as it relates to the excessive force claim against Officer Kennedy.

Redman's next allegation of excessive force is against Sergeant Markeiwicz. Redman alleges that Sergeant Markeiwicz "used mace improperly causing great discomfort with deliberate and mindless indifference to [Redman's] humanity."  Complaint, Dkt. [3], pg. 3. Although Redman alleges that Sergeant Markeiwicz used mace improperly, his complaint is legally insufficient to support a conclusion that Sergeant Markeiwicz was "maliciously and sadistically" attempting to cause Redman harm.  Even if Sergeant Markeiwicz did use mace improperly, a prison official cannot be held liable for failing to exercise due care.  Assuming that all of the facts in Redman's complaint could be proven at trial, Sergeant Markeiwicz's use of mace to subdue a prisoner during a cell extraction procedure could not be considered a violation of Redman's constitutional rights.  Cf. Soto v. Dickey, 744 F.2d 1260, 1270 (7th Cir. 1984)

10

("The use of mace, tear gas or other chemical agent of the like nature when reasonably necessary to prevent riots or escape or to subdue recalcitrant prisoners does not constitute cruel and inhuman punishment . . . and this is so whether the inmate is locked in his prison cell or is in handcuffs").  To conclude that this action was anything other than "a good-faith effort to maintain or restore discipline" is unwarranted on the facts alleged by Redman.  See Schuykill Energy Resources, 113 F.3d at 417 (stating that a court is not "required to accept as true unsupported conclusions and unwarranted inferences").  Even if all of Redman's factual allegations are true, he fails to state a claim against Sergeant Markeiwicz under section 1983 as a result of the cell extraction.

### 3.  Supervisory Liability

Redman also attempts to state supervisory liability claims against Warden Walton, Deputy Warden Cmar, and Lieutenant Jones in his complaint.  The claims against all three of these defendants stem from their alleged duty to prevent Sergeant Markeiwicz from using mace improperly.  Redman alleges that Warden Walton and Deputy Warden Cmar should be held liable because they "deliberately[,] callously[,] and negligently refused to [perform] their duties as head of this prison to make sure . . . that all officers are trained properly with the use of chemical agents."  Complaint, Dkt. [3], pg. 3.  As to Lieutenant Jones, Redman alleges that he should be held liable "because he knew with substantial certainty that [Sergeant Markeiwicz] under his control would use mace improperly."  Id.

Although Redman attempts to plead that these defendants possessed enough knowledge to be held liable for the actions of their subordinate, Redman's complaint fails to state a constitutional deprivation.  As a threshold matter, liability under section 1983 must be

predicated upon a "deprivation of . . . rights, privileges, or immunities secured by the Constitution and laws" of the United States.  42 U.S.C.S. § 1983.  Since we find no underlying constitutional deprivation from Sergeant Markeiwicz's use of mace, section 1983 liability cannot be extended to Sergeant Markeiwicz's supervisors based on his actions.  Therefore, we conclude that Redman fails to state a claim against Warden Walton, Deputy Warden Cmar, or Lieutenant Jones based on supervisory liability, and so these claims should be dismissed.

### 4.  Retaliation

Although Redman does not discuss the First Amendment in his complaint, he does allege that "he was ordered to lock up in retaliation for stating he'd sue," thereby implying a First Amendment retaliation claim.  Redman fails, however, to allege any facts sufficient to show that he was sent to his cell for stating he'd sue, and so he fails to state a retaliation claim against any of the defendants.

It is well settled that "government actions, which standing alone do not violate the Constitution, may nonetheless be constitutional torts if motivated in substantial part by a desire to punish an individual for exercise of a constitutional right."  Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003) (internal citations omitted).  However, merely alleging the fact of retaliation is insufficient; in order to prevail on a retaliation claim, "[a] prisoner alleging retaliation must show (1) constitutionally protected conduct, (2) an adverse action by prison officials 'sufficient to deter a person of ordinary firmness from exercising his [constitutional] rights,' and (3) 'a causal link between the exercise of his constitutional rights and the adverse action taken against him.'"  Mitchell, 318 F.3d at 530 (quoting Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001)) (internal citations omitted).   Because retaliation claims can be easily fabricated, district courts must view

prisoners' retaliation claims with sufficient skepticism to avoid becoming entangled in every disciplinary action taken against a prisoner.  See Cochran v. Morris, 73 F.3d 1310, 1317 (4th Cir. 1996); Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 1995); Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995).

       Redman offers nothing but unsupported conclusions and unwarranted inferences in support of his retaliation claim.  He alleges that he threatened to sue Officer Kennedy, and that he was sent to lock up, but his allegations are insufficient to show any causal link between the two events.  Even accepting both of these facts as true, a conclusion that Redman was sent to his cell in retaliation for this comment is unwarranted in light of his own description of the other circumstances at the time he made the statement.  In his Complaint, Redman states that Officer Kennedy injured him with the gym door, and that Redman confronted Officer Kennedy "about his reckless conduct."  Complaint, Dkt. [3], pg. 2.  Redman's complaint appears to concede that Redman was sent to lock up, at least in part, for being confrontational with Officer Kennedy.  Complaint, Dkt. [3], pg. 2 ("when [Redman] complained to [Officer Kennedy] about his reckless conduct he was ordered to lock up in retaliation for stating he'd sue").  Since Redman alleges that Kennedy had a legitimate, non-retaliatory reason to lock Redman up, his complaint does not support the inference that Officer Kennedy's actions were retaliatory.

       Redman fails to state a claim for retaliation against Officer Kennedy, because he fails to show the existence of a causal link between his statement and Officer Kennedy's decision to send Redman to lock up.  Officer Kennedy had a legitimate, non-retaliatory reason to lock Redman up, and Redman does not allege any facts to support his allegation that Officer Kennedy's actions were undertaken for a different reason.  Since Redman fails to state a

13

retaliation claim against Officer Kennedy, we recommend dismissal as to this portion of Redman's complaint.

### 5. Conspiracy

Redman's final allegation is that Officer Trinclisti, Officer Naser, Officer Mullooly, Officer Mitchell, and Officer Schachte "deliberately acted with callous indifference to inmate Redman's humanity by conspiring with these officer [sic] [.]" Complaint, Dkt. [3], pg. 2. However, Redman alleges no facts to support the legal conclusion that these officers were engaged in a conspiracy.

While this Court must assume all facts and reasonable inferences to be true when deciding whether a motion to dismiss should be granted, we are not required to accept unsupported conclusions and bald legal assertions.  See Schuykill Energy Resources, 113 F.3d at 417.  To simply allege a conspiracy is insufficient to support the allegation that there was a conspiracy.  Rose v. Bartle, 871 F.2d 331, 366 (3d Cir. 1989).  "Only allegations of conspiracy which are particularized, such as those addressing the period of the conspiracy, the object of the conspiracy, and certain actions of the alleged conspirators taken to achieve that purpose, will be deemed sufficient."  Id. (internal citations omitted).

Redman's complaint states only the bald assertion that these officers conspired against him, but does not allege the details of the conspiracy with any particularity.  Although we construe a complaint liberally when it is filed by a *pro se* plaintiff, see Erickson, 127 S.Ct. at 2200, we are unable to discern the details of the alleged conspiracy from the face of the complaint.  Particularly, we are unable to determine what these officers conspired to do, or what actions they took in furtherance of the alleged conspiracy.  Even construing this complaint

14

liberally, we find it insufficient to show that Redman is entitled to relief or to give these defendants fair notice of the charges against them.  See Bell Atlantic, 127 S.Ct. at 1964. Accordingly, Redman fails to state a claim against Officer Trinclisti, Officer Naser, Officer Mullooly, Officer Mitchell, or Officer Schachte and the Motion to dismiss should be granted as to these defendants.

### C. Conclusion

Even if Redman is allowed to offer evidence in support of his claim, and he subsequently proves all of his allegations, he still would not have proven that any of the defendants other than Officer Kennedy violated his constitutional rights.  For these reasons, it is recommended that this Court grant the Motion to dismiss as to Defendants Warden Walton, Deputy Warden Cmar, Lieutenant Jones, Sergeant Markeiwicz, Officer Trinclisti, Officer Naser, Officer Mullooly, Officer Mitchell, and Officer Schachte.  As to Officer Kennedy, it is recommended that the Motion to dismiss be granted on the retaliation claim, and on the excessive force claim as it relates to Officer Kennedy's entry into the gym area.  However, because Redman's complaint does state an excessive force claim based on the cell extraction, the Motion to dismiss should be denied as it relates to Officer Kennedy and this particular claim.

Within ten (10) days of being served with a copy, any party may serve and file written objections to this Report and Recommendation.  Any party opposing the objection shall have seven (7) days from the date of service of objections to respond thereto.  Failure to file timely objections may constitute a waiver of any appellate rights.

Respectfully submitted,

/s/  *Amy Reynolds Hay*

15

United States Magistrate Judge


Dated: 23 July, 2007

cc:      Hon. Gary L. Lancaster
         United States District Judge

         Lawrence D. Redman
         GX 0823
         SCI Camp Hill
         P.O. Box 8837
         Camp Hill, PA 17001

         Thomas P. Pellis, Esquire
         by Notice of Electronic Filing